# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# BATESVILLE DIVISION

CHARMORRO T. WILLIAMS/RASHID, SR.                                           PLAINTIFF
ADC #109255

V.                                      NO: 1:08CV00025 SWW/HDY

ARKANSAS DEPARTMENT
OF CORRECTION *et al.*                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed this complaint on April 25, 2008, alleging Defendants violated his constitutional rights by failing to protect him from an assault when he was held at the North Central Unit of the Arkansas Department of Correction ("ADC"),. On August 19, 2010, Defendants Diane Peppers, Eddie Selvey, and William D. Wright, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #100-#102). Plaintiff filed a response and a brief in support on September 30, 2010 (docket entries #107 & #108).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, on March 21, 2006, Plaintiff was attacked by other inmates during a riot at the ADC's North Central Unit. As a result of his injuries, he suffered the loss of one eye. Plaintiff asserts that Defendants failed to protect him from the attack, despite knowing the risk of harm. In their motion, Defendants assert that Plaintiff's complaint should be dismissed because he failed to properly exhaust his administrative remedies with respect to his claims against any Defendant. Specifically, Defendants contend that Plaintiff failed to file an informal resolution, the first step in the grievance process, within 15 days of the incident as required by policy, and that he failed to identify the personnel who were involved.

Lack of exhaustion is an affirmative defense, which must be proved by defendants. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their contention that Plaintiff failed to properly exhaust his administrative

remedies, Defendants have supplied the affidavit of Tiffanye Compton, the inmate grievance supervisor for the ADC (docket entry #102, exhibit #8). According to Compton, Plaintiff fully exhausted only two grievances in 2006, VU-06-324, and VU-06-1151. VU-06-324 (docket entry #102, exhibit #1) involved Plaintiff's status as a segregation inmate, and VU-06-1151 (docket entry #102, exhibit #2) complained of missing personal property. Neither pertained to the March 21, 2006, incident. Plaintiff did attempt to file a formal grievance relating to the incident on April 13, 2006 (docket entry #102, exhibit #3), but it was rejected because he did not follow the proper procedure. Compton sent a May 22, 2006, memo to Plaintiff, informing him on how he should proceed (docket entry #102, exhibit #4), but Plaintiff did not resubmit the grievance, and Compton's office did not receive an appeal of that grievance at any time in 2006, or 2007. Plaintiff did file two grievances two years after the incident, but they were rejected as being untimely (docket entry #102, exhibits #5 & #6).

In his response to Defendants' motion, Plaintiff appears to concede that he did not begin the grievance process within 15 days of the incident. However, Plaintiff asserts that the time period should be tolled because he was hospitalized as a result of his injuries, and that his grievance of April 13, 2006, was sufficient to put Defendants on notice of the nature of the wrongs for which he sought redress, and to allow them an opportunity to deal with the alleged wrongs administratively. Plaintiff also claims that, because he seeks monetary damages which are not allowed by prison grievance policy, attempting exhaustion would be futile.

Even if the Court accepted Plaintiff's argument that the 15 day time limit should be tolled, there is no evidence to suggest the limit should be tolled for two years. Indeed, in his supporting brief, Plaintiff indicates that he was out of the hospital after three weeks, and Plaintiff was clearly attempting to file grievances as early as April 13, 2006. That attempt was rejected because he

4

appealed it to the deputy director without filing an informal grievance or submitting the matter to a problem solver, and without submitting a formal grievance appeal to the warden.[1] Compton's affidavit establishes that Plaintiff failed to follow the policy, that she in fact instructed him on the proper procedures, but that he failed to resubmit the grievance. Plaintiff has offered no evidence to contradict the affidavit and other documentation provided by Defendants. It is therefore undisputed that Plaintiff failed to follow procedures in attempting to pursue his grievance of April 13, 2006, and it was properly rejected. Thus, even if that grievance was timely due to tolling of the 15 day time period, it was still not properly exhausted. The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). It is clear from the record that Plaintiff failed to properly exhaust his administrative remedies, pursuant to ADC policy, with respect to any Defendant.

Plaintiff claims that, even if he failed to properly exhaust his administrative remedies, he should nonetheless be allowed to pursue this complaint because claims for monetary damages are not grievable, and any such attempt would be futile. In essence, Plaintiff contends there was no "available" administrative remedy process for his monetary claims. However, in *Walker v. Maschner*, 270 F.3d 573 (8th Cir. 2001), the United States Court of Appeals for the Eighth Circuit explained that, in *Booth*, the Supreme Court held that "if a prison administrative procedure has authority to take some action in response to an inmate's grievance, the PLRA requires exhaustion of a claim for monetary damages even if monetary damages are not available in the administrative proceeding." *Walker* at 577. The ADC's grievance policy provides for a range of remedies (docket entry #102, exhibit #7, pages #9 & #10). Accordingly, the unavailability of monetary damages does

---

[1] The steps to the ADC's administrative remedy process are set forth in exhibit 7 to docket entry #102, pages #5-#9.

not excuse Plaintiff's failure to exhaust his administrative remedies, and Defendants are entitled to summary judgment.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   Defendants' motion for summary judgment (docket entry #100) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this   1   day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE